UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SCOTT SMITH,<br><br>   *Plaintiff*,<br><br>v.<br><br>RANDOM AGENCY, INC.; and NELS PETERSEN,<br><br>   *Defendants*. | Case No. _____<br><br>**COMPLAINT**<br><br>**Injunctive Relief Sought** |

  Plaintiff Scott Smith, by and through the undersigned counsel, brings this action against Defendants Random Agency, Inc., a Minnesota business corporation, and Nels Petersen, an individual, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations and for violations of the Minnesota Human Rights Act, Minn. Stat. Chapter 363A (the "MHRA"), and alleges as follows:

### INTRODUCTION

  1. Plaintiff brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendants have failed to remove architectural barriers at the multi-tenant commercial building known as "9201 Lexington Avenue", even though such removal is readily achievable.

  2. The violations alleged in this complaint occurred at "9201 Lexington Avenue", located at 9201 Lexington Ave N, Circle Pines, MN 55014.

3.      Defendants' failure to provide equal access to "9201 Lexington Avenue" violates the mandates of the ADA and the MHRA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4.      Defendants' conduct constitutes an ongoing and continuous violation of the law.

5.      Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate federal and state law and an injunction requiring Defendants to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants continue to comply with the relevant requirements of the ADA and MHRA.

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1343(a)(3). This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court may exercise supplemental jurisdiction over Plaintiff's nonfederal law cause of action, violations of the Minnesota Human Rights Act, Minn. Stat. Chapter 363A, because the claims asserted in this action arise from a common nucleus of operative fact. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

7.      Venue in this judicial district is proper because Defendants are located and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8. Plaintiff Scott Smith is a resident of the city of Burnsville, Minnesota. Plaintiff suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2), and as defined by the MHRA, Minn. Stat. 363A.03, Subd. 12. Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq., and under the MHRA.

9. Mr. Smith suffers from arthrogryposis, a rare and disabling congenital joint contracture that for Mr. Smith results in muscle weakness and an inability to stand or walk. Mr. Smith uses a wheelchair for mobility. As a person with a disability, Mr. Smith has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10. Defendants Random Agency, Inc., a Minnesota business corporation, and Nels Petersen, an individual, are the owners and lessors of the real property and improvements which are the subject of this action, the multi-tenant commercial building "9201 Lexington Avenue", a place of public accommodation within the meaning of the ADA and MHRA, located at the street address of 9201 Lexington Ave N, Circle Pines, MN 55014.

## FACTUAL BACKGROUND

11. On March 26, 2017, Plaintiff attempted to patronize the large multi-tenant commercial building, "9201 Lexington Avenue", in Circle Pines, Minnesota. "9201 Lexington Avenue" had several tenant businesses, including a law office, a massage clinic, a barber shop, a chiropractor, an eye clinic, a yarn shop, and a Native American-themed retail shop.

12. When he visited, Plaintiff found that the "9201 Lexington Avenue" customer parking lot had 74 total parking spaces.

13. Plaintiff found 1 parking space reserved as an accessible parking space. This parking space had a large access aisle on the driver side of the parking space.

14. A photograph in Exhibit A to this Complaint depicts the reserved parking space in the "9201 Lexington Avenue" customer parking lot as it appeared on March 26, 2017.

15. As a result of the architectural barriers in the customer parking lot, Plaintiff was deterred from visiting "9201 Lexington Avenue".

16. Plaintiff lives in Burnsville, Minnesota and frequently travels throughout the Twin Cities, including Circle Pines. He attempted to patronize "9201 Lexington Avenue", but was deterred, due to the lack of accessible parking.

17. In light of the architectural barriers at "9201 Lexington Avenue", Plaintiff is deterred from visiting "9201 Lexington Avenue" in the future. Plaintiff would like to be able to patronize "9201 Lexington Avenue", but these architectural barriers deter him from doing so. He plans to return and patronize "9201 Lexington Avenue" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

18. Plaintiff attempted to access Defendants' premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA and MHRA that exist at Defendants' premises. As a result of Defendants' non-compliance with the ADA and MHRA, Plaintiff cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## FACTUAL ALLEGATIONS

19. Defendants have discriminated against Plaintiff on the basis of his disabilities by failing to comply with the requirements of the ADA, the ADAAG, and the MHRA with regard to "9201 Lexington Avenue". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "9201 Lexington Avenue" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. "9201 Lexington Avenue" had 74 total parking spaces in the customer parking, lot, but it lacked the required 3 accessible parking spaces complying with ADAAG 502, in violation of ADAAG 208.3.1. Plaintiff uses a wheelchair for mobility and requires compliant accessible parking spaces to make safe transfers between his vehicle and wheelchair.

   b. "9201 Lexington Avenue" had 74 total parking spaces but had 0 van parking spaces complying with ADAAG 502, in violation of ADAAG 208.2.4.

20. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA and MHRA encountered by Plaintiff or which exist at "9201 Lexington Avenue". To qualify as an accessible parking space, it must be located on the shortest accessible route, marked by appropriate signage, flanked by an access aisle, and comply with sloping requirements. ADAAG 206, 208, 402, 403, 405, 406, and 502.

21. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "9201 Lexington Avenue" in order to photograph and measure all such barriers to access and violations of the ADA, ADAAG, and MHRA.

22. Compliance with the ADA standards, the ADAAG, and the MHRA is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is

readily achievable. Compliance with the ADA standards, the ADAAG, and the MHRA is readily achievable by Defendants due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, creating accessible parking spaces. 28 C.F.R. § 36.304(b).

23. As a person with a disability, Plaintiff has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

24. Without injunctive relief, Defendants' failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "9201 Lexington Avenue" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA and MHRA.

## FIRST CAUSE OF ACTION
**Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101** *et seq.*

25. Plaintiff incorporates and realleges the above paragraphs.

26. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

27. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

28. Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff has been denied full and equal access to "9201 Lexington Avenue" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

29. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the ADA and ADAAG are ongoing.

30. Defendants have failed to remove architectural barriers to full and equal access by Plaintiff, even though removing the barriers is readily achievable.

31. Plaintiff plans to visit "9201 Lexington Avenue" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "9201 Lexington Avenue" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

32. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendants to make "9201 Lexington Avenue" readily accessible to and independently usable by individuals with disabilities to the ex-

tent required by the ADA and ADAAG, and/or to close "9201 Lexington Avenue" until such time as Defendants cure the access barriers.

33. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

## SECOND CAUSE OF ACTION
**Violations of the Minnesota Human Rights Act, Minn. Stat. Chapter 363A**

34. Plaintiff incorporates and realleges the above paragraphs.

35. Minn. Stat. 363A.11 provides:

> It is an unfair discriminatory practice:
>
> (1) to deny any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of […] disability […]; or
>
> (2) for a place of public accommodation not to make reasonable accommodation to the known physical, sensory, or mental disability of a disabled person.

36. Under the general prohibitions established by the MHRA, Minn. Stat. 363A.11, Subd. 2, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

37. Under specific prohibitions against discrimination on the basis of disability established by the MHRA, Minn. Stat. 363A.11, Subd. 3 (4) it is discrimination to "fail[] to remove architectural barriers…in existing facilities… if the removal is readily achievable."

38. Defendants have engaged in unfair discriminatory practices against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis. The acts herein constitute violations of the MHRA, 363A.11. Plaintiff has been denied full and equal access to "9201 Lexington Avenue", and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations offered therein on a full and equal basis.

39. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the MHRA are ongoing.

40. As is set forth above, Defendants have failed to remove architectural barriers to full and equal access by Plaintiff and other persons with disabilities, even though removing the architectural barriers is readily achievable.

41. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "9201 Lexington Avenue", unless and until Defendants are required to remove the physical barriers to access and MHRA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

42. This Court has authority under Minn. Stat. 363A.33, Subd. 6, and Minn. Stat. 363A.29, Subd. 3–4, to issue an order directing Defendants to cease and desist from their unfair discriminatory practices and to take affirmative action to make their facilities readily accessible to and independently usable by individuals with disabilities. The Court furthermore has authority under these statutory provisions of the MHRA to order Defendants to pay a civil penalty to the state.

43. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees from Defendants as part of the costs, pursuant to Minn. Stat. 363A.33, Subd. 7.

**WHEREFORE**, Plaintiff respectfully requests:

a. That the Court issue a Declaratory Judgment that determines that Defendants' facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG, and that Defendants' conduct and/or inaction constitutes an unfair discriminatory practice under the MHRA.

b. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a), Minn. Stat. 363A.33, Subd. 6, and Minn. Stat. 363A.29, Subd. 3, enjoining Defendants from continuing their discriminatory practices; including an order directing Defendants to make all readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA and the MHRA; and also including an order requiring Defendants to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

c. That the Court order Defendants to pay a civil penalty to the state pursuant to Minn. Stat. 363A.33, Subd. 6 and Minn. Stat. 363A.29, Subd. 4.

d. That the Court award Plaintiff damages, to be paid by Defendants pursuant to Minn. Stat. 363A.33, Subd. 6, Minn. Stat. 363A. 29, Subd. 4.

e. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505, and Minn. Stat. 363A.33, Subd. 7, or as otherwise provided by law; and

f. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA or the MHRA.

DATED: <u>April 21, 2017</u>

<u>/s/ Padraigin L. Browne</u>
Padraigin L. Browne (MN Bar # 389962)
8530 Eagle Point Blvd, suite 100
Lake Elmo, MN 55042
E-mail: paddy@brownelawllc.com
Phone: (612) 293-4805